IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID POWELL,

    Plaintiff,

v.                                                      CASE NO. 4:17-cv-453-WS-GRJ

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on ECF No. 11, Defendant Florida Department of Corrections' Motion to Dismiss Plaintiff's Complaint. Plaintiff filed a response, ECF No. 14, and the motion is therefore ripe for review. For the reasons explained below, the undersigned recommends that the Florida Department of Corrections' motion to dismiss be granted.

## **I. BACKGROUND**

Plaintiff initiated this case by filing a complaint in the U.S. District Court for the Middle District of Florida against the Florida Department of Corrections ("FDOC") and three FDOC correctional officers in their individual capacities. (ECF No. 1.) Plaintiff's claims against Defendants include claims under 42 U.S.C. § 1983 and claims of negligence under

state law stemming from conduct that occurred while Plaintiff was incarcerated at Taylor Correctional Institution ("Taylor C.I."). As relief Plaintiff seeks monetary damages only. (*Id.*) Plaintiff's complaint was then transferred to this Court for resolution because Taylor C.I. is located in the Northern District of Florida. (ECF No. 5.)

Relevant to this motion to dismiss, Plaintiff's only claim against the FDOC is a claim for negligence under state law.[1] (ECF No. 1 at 7–9.) In Count 1 Plaintiff alleges that the FDOC engaged in negligent care and supervision while he was at Taylor C.I. (*Id.* at 7.) Specifically, Plaintiff says that the FDOC failed to perform its duty of using reasonable care to ensure his safety by failing adequately to monitor and observe Plaintiff, failing to adequately supervise and train correctional staff, and failing to promulgate and enforce policies to ensure inmate safety. (*Id.* at 8.) As a direct and proximate result of the FDOC's failure to perform its duty, Plaintiff states that he was violently assaulted and suffered grievous injury. (*Id.*) As relief for Count 1, Plaintiff requests only compensatory damages, but he does not specify an amount. (*Id.* at 8–9.)

---

[1] According to Plaintiff, the FDOC "is an Agency of the State of Florida, subject to suit for negligence pursuant to Section 768.28 of the Florida Statutes." (ECF No. 1 at 1–2.) Additionally, the three FDOC officers named in Plaintiff's complaint have yet to appear in this case. This motion to dismiss, therefore, involves the claims against the FDOC only.

*Case No: 4:17-cv-453-WS-GRJ*

On January 29, 2018, the FDOC filed a motion to dismiss, arguing that the Court should dismiss all claims against the FDOC because the FDOC is entitled to sovereign immunity under the Eleventh Amendment from suit by Plaintiff in federal court. (ECF No. 11 at 3–6.) Further, the FDOC argues that Plaintiff has failed to state a claim upon which relief can be granted because the FDOC is not liable for acts or omissions of the individual officers acting outside the scope of their employment. (*Id.* at 6–10.)

In Plaintiff's response, Plaintiff states that the motion should be denied because Plaintiff has properly pleaded all claims. (ECF No. 14.) Rather than refuting the well-supported arguments made by the FDOC Plaintiff argues that there is no evidence that a judgment in this case would be paid from the State Treasury, so it is inappropriate to consider the motion to dismiss. (*Id.* at 3.) Plaintiff then goes on to argue that the FDOC is not entitled to Eleventh Amendment immunity and that Plaintiff's claims against Defendants involve their conduct while acting within the scope of their employment. (*Id.* at 3–5.)

More specifically—ignoring an innumerable amount of precedent to the contrary—Plaintiff attempts to make a self-proclaimed "good faith

argument" that the U.S. Supreme Court has "skewed the delicate balance between state and federal power" by improperly expanding Eleventh Amendment immunity in *Hans v. Louisiana*, 134 U.S. 1 (1890), and by interpreting Eleventh Amendment immunity as extending to suits against a state by a resident of that state . (*Id.* at 3–4.) Then without any case law in support, Plaintiff goes on to argue that the "FDOC does not have sovereign immunity in this case since section 5 of the 14th Amendment enabled the federal government to override state sovereign immunity." (*Id.* at 4.)

Plaintiff asks this Court to rule in contravention of more than a century of Supreme Court precedent to determine that the FDOC is not entitled to Eleventh Amendment immunity.[2] The Court declines to do so. Rather, the Court concludes that the FDOC is entitled to Eleventh Amendment immunity from Plaintiff's negligence claim in federal court. The FDOC's motion to dismiss should, therefore, be granted.

## II. DISCUSSION

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity,

---

[2] Plaintiff says that "the Supreme Court relied on, and continues to rely on, 'flawed premises, misguided history, and an untenable vision of the needs of the federal system it purports to protect.'" (Id. at 4.) And as further evidence of the unsupported nature of Plaintiff's response, he fails to cite the source of this quoted language.

commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "For over a century, however, we have recognized that the States' sovereign immunity is not limited to the literal terms of the Eleventh Amendment." *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Supreme Court has "repeatedly held that an unconsenting State also is immune from suits by its own citizens." *Id.*

Under the Eleventh Amendment, states and state agencies generally cannot be sued in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1302 (11th Cir. 2005). Federal jurisdiction over suits against states and their agencies is possible, however, where the state consents or where Congress abrogates the state's Eleventh Amendment immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Thus, the Court must determine first whether the FDOC is entitled to Eleventh Amendment protections and then whether sovereign immunity protects the FDOC against Plaintiff's claims in this case.

The Eleventh Amendment applies to arms of the state and state

agencies. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 100; *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*). The FDOC is a state agency for purposes of the Eleventh Amendment. *See, e.g.*, *Henry-Evans ex rel. Henry v. Fla. Dep't. of Corr.*, No. 6:06CV199ORL31DAB, 2006 WL 1517139, at *1 n.2 (M.D. Fla. May 24, 2006) ("There is no question . . . that the DOC is an agency of the State of Florida."); *Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (noting that the FDOC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes").

Because the FDOC is a state agency, Plaintiff's claims against the FDOC are barred in federal court by the Eleventh Amendment unless Congress abrogated that immunity or the state waived the immunity, consenting to suit in federal court. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Neither of these exceptions apply to Plaintiff's state law negligence claim against the FDOC.

"[A] State may consent to suit against it in federal court" if the consent is "unequivocally expressed." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. Notably, "a State does not consent to suit in federal court

merely by consenting to suit in the courts of its own creation [or] stating its intention to 'sue and be sued.'" *Coll. Sav. Bank*, 527 U.S. at 675–76 (citation omitted); *see also Robinson v. Ga. Dep't of Transp.*, 966 F.2d 637, 640 (11th Cir. 1992).

Neither Florida nor the FDOC has unequivocally expressed consent to be sued in federal court or waived Florida's Eleventh Amendment immunity with respect to any of Plaintiff's claims. Florida's consent to be sued for tort claims in state court in § 768.28, Florida Statutes, does not allow tort claims against Florida in federal court. *See Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990) ("This court has held that section 768.28 does not waive Florida's Eleventh Amendment immunity.")

Notably, Florida has unequivocally expressed its desire to maintain its Eleventh Amendment immunity from suit in federal court. Fla. Stat. § 768.28(18) ("No provision of this section, or any other action of the Florida Statutes . . . shall be construed to waive the immunity of the state or any of its agencies from suit *in federal court*, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court." (emphasis added)).

*Case No: 4:17-cv-453-WS-GRJ*

Without an unequivocal waiver of the FDOC's sovereign immunity, Plaintiff cannot bring his state law claims against the FDOC in federal court.

Although Plaintiff has not raised such a claim against the FDOC the same would apply to any claims for damages brought under 42 U.S.C. § 1983. Congress has not abrogated states' Eleventh Amendment immunity for § 1983 claims. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) (citing *Miller v. King*, 384 F.3d 1248, 1259–60 (11th Cir. 2004)). And Florida's statutory waiver of sovereign immunity in § 768.28, Florida Statutes, with regard to claims in state court "does not constitute consent to suit in federal court under § 1983." *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1514–15 (11th Cir. 1986). Therefore, Plaintiff would not be entitled to sue the FDOC in federal court for damages under § 1983.

For the reasons discussed above, the FDOC is entitled to Eleventh Amendment immunity from Plaintiff's claims. *See Leonard v. Dep't of Corr. Fla.*, 232 F. App'x 892, 894 (11th Cir. 2007) (unpublished) ("The Department of Corrections is not amenable to suit because it has immunity under the Eleventh Amendment." (citing *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989))). Accordingly, Plaintiff's negligence claim against the

FDOC is due to be dismissed.³

## III.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendant Florida Department of Corrections' Motion to Dismiss Plaintiff's Complaint, ECF No. 11, should be **GRANTED**. The FDOC should be dismissed as a party in this case based upon Eleventh Amendment immunity.

**IN CHAMBERS** this 28th day of March 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

³ The FDOC's second argument in its motion to dismiss is that Plaintiff failed to state a claim upon which relief can be granted because the FDOC is not liable for the acts or omissions of the individual Defendants acting outside the scope of their employment. (ECF No. 11 at 6–10.) In Plaintiff's response, however, he asserts that the claims against the individual Defendants involve their conduct while acting *within* the scope of their employment. (ECF No. 14 at 5.) Accordingly, the Court need not address this argument.