IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID POWELL,

    Plaintiff,

v.                                    CASE NO. 4:17-cv-453-WS-GRJ

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 33, Plaintiff's Motion for Entry of Final Default Judgment Against Defendants Robert Simmons, Delrikos A. Brooks and Valshantaya Cook. Pursuant to prior notice the Court conducted an evidentiary hearing on June 20, 2018. For the reasons explained below the Court recommends that a final default judgment be entered against Defendants Robert Simmons, Delrikos A. Brooks, and Valshantaya Cook[1] in the total sum of $100,000.

---

[1] The Defendant, Florida Department of Corrections, was dismissed from this case on May 1, 2018, when the Court granted the FDOC's motion to dismiss. ECF No. 25.

# I. INTRODUCTION

On April 6, 2018, the Clerk entered a default against Robert Simmons, Delrikos A. Brooks, and Valshantaya Cook ("Defendants") because they failed to file any responsive pleadings in this case after they were served with the complaint. ECF No. 22. After the entry of a default against Defendants, Plaintiff requested an evidentiary hearing under Rule 55(b)(2)(B) of the Federal Rules of Civil Procedure to establish the amount of damages he is entitled to in the final default judgment against Defendants. ECF No. 28. Defendants were provided notice of the hearing. ECF No. 29.

On June 20, 2018, based upon prior notice, the Court held an evidentiary hearing regarding Plaintiff's entitlement to damages. Plaintiff and Plaintiff's lawyer appeared. Defendant Brooks also attended the hearing proceeding *pro se*. The other two defendants did not appear. At the hearing, Plaintiff and his mother, Ms. Sherry Shepherd, testified regarding the extent of Plaintiff's injuries resulting from the two stabbing incidents at the center of this case.

# II. EVIDENCE

Plaintiff, a thirty-one-year-old prisoner, was convicted in April 2010

and sentenced to the custody of the Florida Department of Corrections ("FDOC"). Plaintiff's first place of confinement was Taylor Correctional Institution ("Taylor C.I."). Plaintiff was stabbed by another inmate while incarcerated at Taylor C.I. Plaintiff alleges that the Defendants, each of whom was a correctional officer at Taylor C.I, allowed the inmate to gain access to Plaintiff's dormitory to carry out the stabbing.

On September 6, 2013, Plaintiff was stabbed once in the side by another inmate with a homemade knife, while Plaintiff was in the recreation yard of the prison. Plaintiff did not sustain serious injury from this first stabbing, other than some minor bleeding. Plaintiff did not request treatment from medical following this stabbing. Instead, he wrapped a cloth around his wound and applied pressure until the wound stopped bleeding later that day.

The following day, on September 7, 2018, Plaintiff was attacked again by another inmate while he was in his cell. The inmate stabbed Plaintiff once in the chest (directly to the right of his heart) with a prison-manufactured blade slightly longer than the size of a stapler. Plaintiff experienced severe pain and bleeding following this stabbing. Plaintiff, says he was left bleeding in his cell for 10 to 15 minutes before assistance

arrived.

Two officers and medical staff eventually came to Plaintiff's aid. They immediately placed Plaintiff on a stretcher and took him to medical. Two nurses treated Plaintiff by "shooting him with a needle," which the Court interprets as providing Plaintiff with pain medication, and by "patching him up," which the Court interprets as applying the appropriate dressing and bandages. Plaintiff did not receive (and, as the Court assumes, did not require) medical assistance from an outside medical provider. Instead, Plaintiff was held in medical at Taylor C.I. for one day. After her recovered from the stabbing he was placed in solitary confinement for protection for a period of 30 days. Plaintiff was then transferred to a different correctional institution.

Following the two stabbing incidents, Plaintiff says he has suffered from ongoing physical, mental and emotional issues. Physically, Plaintiff experiences a consistent twitching in the muscles in his chest, which he says affects his ability to exercise and use his upper-body muscles. Mentally and emotionally, Plaintiff says he lives in constant fear of future potential physical violence and attacks on his life, which has led to extreme sleep deprivation. Plaintiff also says he suffers from depression and

anxiety due to the attacks and the fear he experiences from concern he will be attacked and again in prison. Plaintiff testified that he received medication for a couple of months following the attacks to deal with his emotional issues.

To protect Plaintiff from future attacks, the FDOC has placed Plaintiff in a modified form of protective custody in which Plaintiff's name and place of incarceration are not available in the FDOC databases. Plaintiff is scheduled for release from the custody of the FDOC in September 2018.

### III. DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that after the entry of a default, a court may conduct an evidentiary hearing to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). In holding such hearings, a court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266–67 (11th Cir. 2003).

"In an action pursuant to 42 U.S.C. § 1983, a plaintiff may recover for monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, and personal humiliation." *Hale v. Sec'y for Dep't of Corr.*, 345 F. App'x 489, 491 (11th Cir. 2009) (citing *Slicker v. Jackson*,

215 F.3d 1225, 1231 (11th Cir. 2000)). But under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury." 42 U.S.C. § 1997e(e). Therefore, "a prisoner bringing a § 1983 action must demonstrate a physical injury that is more than *de minimis* in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody." *Hale*, 345 F. App'x at 491 (citing *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir. 1999)).

In this case, Plaintiff is requesting damages for physical pain and suffering as a result of his physical injuries and damages for mental and emotional injuries suffered as a result of the attacks. The Court finds that Plaintiff has shown the requisite physical injury—a stab wound to the chest—to entitle him to recover damages for mental or emotional injury suffered as well as physical pain and suffering. The issue before the Court now is how much.

Plaintiff suggests that damages should be awarded in the amount of $100 per day for the rest of his life to compensate him for the physical and mental injuries that he suffered. He suggests using a *per diem* calculation

for damages because he says his injuries will continue for the rest of his life. Further, Plaintiff uses the assumption he will live to the age of 70 (or, for 39 more years). If the Court were to award Plaintiff $100 a day for the next 39 years, the result would be a damage award of $1,423,500. Based upon the evidence presented an award in this range would be completely at odds with the evidence in this case and is not justified.

A fundamental problem with Plaintiff's request for damages of $1,423,500, is that Plaintiff failed to provide any evidence to support this award. Plaintiff did not provide any medical records, any opinions from mental health providers concerning Plaintiff's psychological injuries, or even any medical records concerning the medical treatment he received for the stab wounds.

With regard to the physical injuries Plaintiff suffered, the only evidence presented was Plaintiff's own testimony. According to Plaintiff, he required only dressing and bandages and pain medication following the attacks. He was not taken to a hospital or treated by medical personnel outside the prison. The severity of Plaintiff's stab wound required only treatment in the medical unit at the prison for one day.

With regard to the permanency of Plaintiff's physical injury, he

testified that he cannot exercise as he used to as a result of the attacks. But Plaintiff did not provide any medical evidence or any medial opinions showing that his physical injuries are ongoing or permanent—the kind of evidence that arguably might support a more substantial damage award.

Plaintiff's evidence regarding his mental and emotional injuries, was similarly thin. Plaintiff did not present any medical records or medical opinions describing the severity or permanency of Plaintiff's psychological damages.  The only evidence Plaintiff provided was his own testimony and the testimony of his mother.  The only testimony Plaintiff provided on this issue was that he was prescribed medication for anxiety and depression for several months after the stabbing and his own testimony that he suffered from sleep deprivation, as a result of the fear he experiences from worrying about future attacks by other inmates or guards.

The testimony by Defendant's mother was not much more informative.  The testimony from Defendant's mother was limited solely to repeating that Plaintiff has been afraid of future attacks in prison and confirming Plaintiff told her he has been unable to rest as a result of this fear. Notably absent from the testimony from Plaintiff's mother was any evidence concerning how Plaintiff's emotional and psychological state has

changed from before the stabbing to after the stabbing.

Furthermore, there was a complete lack of evidence demonstrating that Plaintiff would experience the same level of anxiety and fear of further attacks *after* he is released from prison in September 2018.

Because Plaintiff provided no evidence of permanent injuries, no evidence of a need for continued treatment for his physical injuries, and no evidence that his mental or emotional injuries would continue after he is released from prison, the Court concludes that an award of $100 per day for the rest of Plaintiff's life is not supported by the evidence and would be grossly inflated based upon the facts and circumstances in this case.

That does not mean Plaintiff is not entitled to damages for the unprovoked stabbing and the anxiety Plaintiff understandably experienced in prison living in fear of another attack.  Plaintiff, therefore, is entitled to some compensatory damages for the pain and suffering he experienced from the stabbing as well as some measure of compensation for the anxiety and fear of future attacks he suffered in prison since the stabbing until his release from prison in September 2018.

Turning first to pain and suffering from the stabbing, the evidence shows that Plaintiff was stabbed in the chest causing extreme pain and

severe bleeding. There is also evidence (albeit Plaintiff's own uncorroborated testimony) that Plaintiff suffers from continued discomfort from the stabbing and muscle twitching, which Plaintiff says impairs (in a general sense) Plaintiff's ability to do exercises involving the chest muscles, such as push-ups.  But because there was no medical evidence of any prolonged pain or extensive treatment from the injury or any evidence demonstrating any significant continuing or permanent physical injury, the Court finds that a generous award for pain and suffering is the sum of  $25,000.

Turning next to Plaintiff's claims for mental and emotional injuries due to fear of another attack, the Court finds that a generous award to compensate Plaintiff for the anxiety he experienced from the date of the stabbing on September 7, 2013 to the date of his release from prison in September 2018 is $75,000, which translates to approximately $15,000 per year.

This award is supported by Plaintiff's testimony that he suffers from sleep deprivation and received medication for anxiety and depression due to his constant fear of another attack.  But the evidence also shows that while his fear of future attacks may be well founded, the FDOC took steps

to minimize further attacks from occurring. To help protect Plaintiff the FDOC removed his name and location from the FDOC databases so that it is difficult to discover where Plaintiff is being held.  However, once Plaintiff is released from prison in September 2018, there will be no possibility of future attacks by inmates in prison thus eliminating the main stressor, which has caused Plaintiff's anxiety and depression.  And because there was no evidence presented from medical experts or any other evidence suggesting Plaintiff would experience the same anxiety after his release from prison the Court declines to award any compensation after his release from prison for future or continuing emotional injuries as a result of the stabbing.  Thus, for these reasons, the Court finds that an award of $75,000 is consistent with the evidence and is more than sufficient to compensate Plaintiff for the emotional injuries he experienced as a result of the stabbing.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's motion for default judgment, ECF No. 33, should be **GRANTED**. The Court should enter a final default judgment jointly and severally against Defendants Robert Simmons, Delrikos A. Brooks, and Valshantaya Cook in the amount of $25,000 for pain and suffering and $75,000 for mental and emotional injuries, for **a total**

**award of $100,000.**[2]

**IN CHAMBERS** this 21st day of June 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[2] Because the Court did not direct the entry of final judgment after dismissing the Florida Department of Corrections, the final judgment also should recite that all claims against the Florida Department of Corrections are dismissed

*Case No: 4:17-cv-453-WS-GRJ*